# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THE PHILADELPHIA INQUIRER, LLC,** | : | CIVIL ACTION |
| *Plaintiff* | : | NO. 25-0806 |
| v. | : | |
| **CUSTOM PRINTS AND FRAMES, LLC,** *et al.*, | : | |
| *Defendants* | : | |

## TEMPORARY RESTRAINING ORDER

**AND NOW**, this 14th day of February 2025, at approximately 11:00 P.M., Eastern Standard Time, upon consideration of the *motion for a temporary restraining order and preliminary injunction*, (ECF 2), filed by Plaintiff The Philadelphia Inquirer, LLC ("Plaintiff"), and the allegations in the verified complaint, (ECF 1), it is hereby **ORDERED** that the motion for a temporary restraining order is **GRANTED**, as follows:

1. This Court finds that:

    a. Plaintiff has shown a reasonable probability of success on the merits of its trademark infringement, copyright infringement, and unfair competition claims asserted in Counts I, II, and III of the verified complaint, which seek to hold Defendants Custom Prints and Frames, LLC, Timothy Rachuba, and Daniel Simon Haddad (collectively, "Defendants") liable for Defendants' wrongful and unfair use and infringement of Plaintiff's THE PHILADELPHIA INQUIRER trademarks and copyrighted works;

    b. In the absence of injunctive relief, Plaintiff will suffer substantial, immediate, and irreparable injury in the form of harm to its brand as presumed under 15 U.S.C. § 1116;

    c. The grant of injunctive relief will not result in greater injury to Defendants;

    d. The public interest favors the grant of injunctive relief; and

e. Plaintiff has set forth its efforts to provide Defendants notice of its intent to commence this action. These efforts include the delivery of three cease and desist letters, to which Defendants did not respond. In light of Defendants' repeated failure to respond to Plaintiff's cease and desist letters, this Temporary Restraining Order is being issued without notice.

2. Accordingly, unless later rescinded, Defendants are **RESTRAINED** and **ENJOINED** from:

   a. directly or indirectly infringing Plaintiff's THE PHILADELPHIA INQUIRER Trademarks, as defined in the verified complaint, and Copyrighted Works, as also defined in the verified complaint;

   b. engaging in any acts or activities directly or indirectly calculated to trade upon the trademarks and/or reputation or goodwill of Plaintiff;

   c. directly or indirectly using any false description or representation in connection with the sale or advertising for sale of their products;

   d. creating, advertising, promoting, offering for sale, and/or selling unauthorized reprints and/or derivative or otherwise modified versions of Plaintiff's Copyrighted Works, including but not limited to the Infringing Philadelphia Inquirer Front Pages, as defined in the verified complaint;

   e. creating, advertising, promoting, offering for sale, and/or selling unauthorized reprints and/or derivative or otherwise modified versions of The Philadelphia Inquirer newspaper, which bear Plaintiff's THE PHILADELPHIA INQUIRER Trademarks, including but not limited to the Infringing Inquirer Front Pages;

   f. passing off, or inducing or enabling others to sell or pass off, as products produced by Plaintiff or for Plaintiff, any product of Plaintiff or produced under the control

    or supervision of Plaintiff and approved by Plaintiff, as a product of the Defendants, or a product authorized or permitted to be sold by Defendants;

  g. filling and/or taking any purchase orders for the Infringing Inquirer Front Pages;

  h. using Plaintiff's THE PHILADELPHIA INQUIRER Trademarks or any mark which simulates, or imitates, or is confusingly similar to Plaintiff's THE PHILADELPHIA INQUIRER Trademarks in the sale, offering for sale, promotion, advertising, marketing and/or distribution of Defendants' goods in such a manner as to deceive, or to falsely describe, or represent the source of the goods, or otherwise create confusion among the purchasing public or the trade;

  i. using Plaintiff's THE PHILADELPHIA INQUIRER Trademarks in the selling, offering for sale, promoting, advertising, marketing and distributing of framed copies of The Philadelphia Inquirer newspaper and derivative or otherwise altered versions, or unauthorized copies, thereof, or any use or mention of THE PHILADELPHIA INQUIRER Trademarks or mention of or reference to Plaintiff's products in such a manner as to falsely suggest a connection between Plaintiff and Defendants; and

  j. competing unfairly with Plaintiff in any manner whatsoever.

3. In accordance with Federal Rule of Civil Procedure 65(c), Plaintiff shall post security in the amount of five-thousand dollars ($5,000) with the Clerk of Court for the Eastern District of Pennsylvania by February 19, 2025.

4. This Temporary Restraining Order shall expire on February 28, 2025, at 5:00 P.M., Eastern Standard Time, unless, before such time, Defendants consent to its extension for a longer

period of time, or the Court extends the duration of this Order for good cause or adjudicates Plaintiff's motion for a preliminary injunction.

5. Plaintiff shall be responsible for obtaining any necessary certified copies of this Temporary Restraining Order from the Clerk of Court and for effecting service upon Defendants immediately thereafter.

6. The parties will be notified by separate Order regarding additional briefing and scheduling of a hearing on Plaintiff's motion for a preliminary injunction.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*