UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE PHILADELPHIA INQUIRER, LLC, | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION NO. 25-cv-00806 |
| CUSTOM PRINTS AND FRAMES, LLC D/B/A TITLE GAME FRAMES; TIMOTHY RACHUBA; and DANIEL SIMON HADDAD, | : |
| Defendants. | : |

## STIPULATED INJUNCTION AND CONSENT ORDER

This Stipulated Injunction and Consent Order ("Stipulated Injunction") is hereby made this 6th day of March 2025 ("Effective Date") by and between Plaintiff The Philadelphia Inquirer, LLC ("The Inquirer"), on one hand, and Defendants Custom Prints and Frames, LLC d/b/a Title Game Frames ("TGF"), Timothy Rachuba ("Rachuba"), and Daniel Simon Haddad ("Haddad") (collectively the "Defendants")[1], on the other hand, as follows:

**WHEREAS,** The Inquirer is the owner of the federally registered trademark THE PHILADELPHIA INQUIRER (U.S. Reg. Nos. 270,787 and 4,049,619), among other variants and formative marks, several of which have achieved "incontestable status" with the United States Patent and Trademark Office (collectively, "THE PHILADELPHIA INQUIRER Trademarks");

**WHEREAS,** The Inquirer has been using THE PHILADELPHIA INQUIRER Trademarks in connection with newspapers, printing, and journalism consistently for over one hundred years;

---

[1] The Inquirer and Defendants are referred to herein collectively as the "Parties" and each, individually, as a "Party."

**WHEREAS,** in addition to its newspapers, The Inquirer's store (accessible at https://store.inquirer.com/collections/reprints) sells, among other things, framed copies of authorized reprints of historic and notable front-page stories;

**WHEREAS,** THE PHILADELPHIA INQUIRER Trademarks enjoy substantial goodwill as a result of The Inquirer's journalism and ongoing and continuous investment in its brand, and it consistently protects its THE PHILADELPHIA INQUIRER Trademarks from unauthorized use;

**WHEREAS,** The Inquirer's marketing and branding investments have contributed to its wide audience and loyal readership, which include print and digital subscribers, as well as purchasers of single copies of newspapers. These investments have contributed to The Inquirer's brand and associated goodwill, which is captured by its THE PHILADELPHIA INQUIRER Trademarks;

**WHEREAS,** The Inquirer also owns all rights in the copyrights in all issues of The Philadelphia Inquirer newspaper, and it has registered those copyrights with the United States Copyright Office on an ongoing and continuous basis for decades (the "Copyrighted Works");

**WHEREAS,** the Defendants were advertising, offering for sale and selling modified and otherwise unauthorized copies of front pages of The Philadelphia Inquirer newspaper, framed and unframed, in direct competition with The Inquirer;

**WHEREAS,** the Defendants' unauthorized copying and/or modification of The Inquirer's Copyrighted Works, as well as their commercial use of THE PHILADELPHIA INQUIRER Trademarks (which are featured prominently on each issue of The Philadelphia Inquirer, including but not limited to the first page), constitutes copyright infringement, trademark infringement, and unfair competition; and

**WHEREAS**, in addition to a confidential settlement agreement, the Parties wish to resolve this dispute under the terms outlined below.

**NOW, THEREFORE**, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. The Inquirer is the owner of THE PHILADELPHIA INQUIRER Trademarks, the Copyrighted Works, and other intellectual property rights as defined in the Verified Complaint filed by The Inquirer on February 14, 2025, in the Eastern District of Pennsylvania, under the case caption *The Philadelphia Inquirer, LLC v. Custom Prints and Frames, LLC d/b/a Title Game Frames; Timothy Rachuba; and Daniel Simon Haddid*, 2:25-cv-00806 ("The Inquirer's IP").

2. The Defendants do not wish to infringe in any manner The Inquirer's IP.

3. As of the Effective Date, each of the Defendants, their subsidiaries, parents and respective officers, directors, agents, servants, employees, and all persons and entities in active concert or participation with any of them, shall permanently cease and are otherwise permanently restrained and enjoined from:

    (a) directly or indirectly infringing The Inquirer's THE PHILADELPHIA INQUIRER Trademarks and Copyrighted Works;

    (b) engaging in any acts or activities directly or indirectly calculated to trade upon the trademarks and/or reputation or goodwill of The Inquirer;

    (c) directly or indirectly using any false description or representation in connection with the sale or advertising for sale of their products;

    (d) creating, advertising, promoting, offering for sale, and/or selling unauthorized reprints and/or derivative or otherwise modified versions of The Inquirer's

Copyrighted Works, including but not limited to the Infringing Inquirer Front Pages, as defined in the above-referenced Verified Complaint;

(e) creating, advertising, promoting, offering for sale, and/or selling unauthorized reprints and/or derivative or otherwise modified versions of The Philadelphia Inquirer newspaper, which bear The Inquirer's THE PHILADELPHIA INQUIRER Trademarks or Copyrighted Works, including but not limited to the Infringing Inquirer Front Pages, as defined in the above-referenced Verified Complaint;

(f) passing off, or inducing or enabling others to sell or pass off, as products produced by The Inquirer or for The Inquirer, any product of The Inquirer or produced under the control or supervision of The Inquirer and approved by The Inquirer as a product of the Defendants, or a product authorized or permitted to be sold by Defendants;

(g) filling and/or taking any orders for the Infringing Inquirer Front Pages, as defined in the above-referenced Verified Complaint;

(h) using in the sale, offering for sale, promotion, advertising, marketing and/or distribution of their goods The Inquirer's THE PHILADELPHIA INQUIRER Trademarks or any mark which simulates or imitates or is confusingly similar to The Inquirer's THE PHILADELPHIA INQUIRER Trademarks in such a manner as to deceive, or to falsely describe or represent the source of the goods or otherwise create confusion among the purchasing public or the trade;

(i) using The Inquirer's THE PHILADELPHIA INQUIRER Trademarks in the selling, offering for sale, promoting, advertising, marketing and distributing of framed copies of The Philadelphia Inquirer newspaper and derivative or otherwise altered versions, or unauthorized copies, thereof, or any use or mention of THE PHILADELPHIA INQUIRER

Trademarks or mention of or reference to The Inquirer's products in such a manner as to falsely suggest a connection between The Inquirer and Defendants; and

    (j) competing unfairly with The Inquirer in any manner whatsoever.

4. Defendants represent and warrant that any remaining inventory of unauthorized products in their possession and/or under their control which contain The Inquirer's IP have been destroyed.

5. Except as otherwise stated in this Stipulated Injunction, Defendants are permanently enjoined as of the Effective Date from using The Inquirer's IP, or any similar variations thereof, completely and worldwide, including, but not limited to, in all trade names, corporate names, domain names, websites, signage, product usage and marketing materials.

6. The terms of this Stipulated Injunction are of full force and effect worldwide.

7. This Stipulated Injunction shall inure to the benefit of and be binding upon the Parties, their respective successors-in-interest, related companies, parents, subsidiaries, shareholders, members, and assigns.

8. In the event that suit is instituted to enforce any of the rights of the Parties to this Stipulated Injunction, the prevailing party in such litigation shall be entitled, as additional damages, to reasonable attorneys' fees and costs incurred in such action.

9. This Stipulated Injunction in conjunction with a separate written Settlement Agreement constitutes a single, integrated, written contract expressing the entire understanding between the Parties. No covenants, agreements, representations or warranties of any kind, whether oral, written or implied, have been made by any Party except as specifically set forth in this Stipulated Injunction and such Settlement Agreement.

10. No cancellation, modification, amendment, deletion, addition, or other changes in or to this Stipulated Injunction, or any waiver of the rights provided in this Stipulated Injunction, shall be effective for any purpose unless specifically set forth in a written agreement signed by both Parties.

11. In the event that any provision of this Stipulated Injunction is held to be void, voidable, or unenforceable, the remaining portions of this Stipulated Injunction shall remain in full force and effect.

12. Each of the Parties acknowledges and agrees that it has obtained the advice of counsel before entering into this Stipulated Injunction and is not relying upon any other Party concerning this Stipulated Injunction or any aspect of the transactions contemplated herein. No Party is relying upon any statement, advice, counsel, disclosure or representations of any other Party or such other Party's counsel other than as expressly set forth in this Stipulated Injunction.

13. This Stipulated Injunction shall not be construed more strictly against one Party on the grounds that it, or any part of it, may have been prepared by one Party or another, it being recognized that this Stipulated Injunction is the result of arm's length negotiations among the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulated Injunction.

14. This Stipulated Injunction may be executed in multiple copies, with each Party retaining one original copy. This Stipulated Injunction may be executed in one or more counterparts, each of which shall be deemed an original of this Stipulated Injunction and all of which, when taken together, shall be deemed to constitute one and the same valid and binding Stipulated Injunction.

15. Any individual signing this Stipulated Injunction on behalf of any Party represents and warrants that he or she has full authority to do so.

16. The Court shall retain jurisdiction for the purpose of enforcing compliance or contempt proceeding with this Stipulated Injunction.

**IN WITNESS WHEREOF**, the Parties have caused this Stipulated Injunction to be executed by their respective authorized agents and by themselves as listed below.

By: /s/ John D. Simmons
John D. Simmons, Esquire
Panitch Schwarze
Delaware Corporate Center
1 Righter Parkway, Suite 220
Wilmington, DE 19803
Email: jsimmons@panitchlaw.com

*Attorneys for Defendants
Custom Prints and Frames, LLC
d/b/a Title Game Frames, and
Tim Rachuba and Daniel Simon
Haddad*

By: /s/ Barry L. Cohen
Barry L. Cohen, Esquire
Royer Cooper Cohen Braunfeld LLC
Three Logan Square
1717 Arch Street, 47th Floor
Philadelphia, PA 19103
Email: bcohen@rccblaw.com

*Attorneys for Plaintiff, The Philadelphia Inquirer, LLC*

**CUSTOM PRINTS AND FRAMES, LLC d/b/a TITLE GAME FRAMES**

By: /s/

Print Name: Timothy Rachuba

Title: Owner

Dated: March 6, 2025

**THE PHILADELPHIA INQUIRER, LLC**

By: /s/

Print Name: Lawrence Wasserman

Title: SVP & General Counsel

Dated: March 6, 2025

**TIMOTHY RACHUBA**

By: /s/

Dated: March 6, 2025

**DANIEL SIMON HADDAD**

By: /s/

Dated: March 6, 2025

**IT IS SO ORDERED**

_____
U.S.D.J